# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:15-CR-00180-SWW

TONY DANIELS

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 171) is DENIED.

## I.  BACKGROUND

On September 7, 2016, Defendant pled guilty to one count of knowingly and intentionally possessing with intent to distribute and to distributing more than 50 grams of actual methamphetamine.[1]  On December 21, 2016, he was sentenced to 262 months in prison.[2]

## II.  DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and

---

[1]Doc. Nos. 26, 27.

[2]Doc. Nos. 33, 34.

1

compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant does not allege, nor does he provide documentation, that he exhausted his administrative remedies at the Bureau of Prisons. Accordingly, Defendant's motion is premature and this Court lacks jurisdiction.

Even if the Court had jurisdiction, the request would be denied. Defendant seeks compassionate release based on his asthma, compromised immune system, African-American race, obesity, and an undiagnosed condition that causes him to cough up blood. First, these health conditions are not "extraordinary and compelling" reasons warranting release. Although the First Step Act does not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health conditions are not listed. Furthermore,

---

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to

Defendant has provided no argument or evidence that his health conditions cannot be controlled with medication or that they prevent him from independently functioning within the prison. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 44 years old and has served less than 25% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has over ten prior convictions. They include false imprisonment, escape, theft of services, aggravated assault, fraudulent use of a credit card, and stealing a car. He also has convictions for distribution of methamphetamine and delivery of methamphetamine, which are the same behavior as the instant offence.

---

recover"; (2) "[t]he defendant (I) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(I) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

In fact, he committed the instant offense while on probation for an earlier conviction.

The severity of the instant offense must also be considered. Defendant's arrest resulted from multiple controlled buys of methamphetamine by a drug task force over several months in 2014. Ultimately, he was held responsible for delivering 86.63 grams of methamphetamine actual.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 171) is DENIED.

IT IS SO ORDERED, this 16th day of March, 2021.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE